IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WADE KNIGHT,                          :
                                      :
          Petitioner                  :
                                      :
      v.                              :   CIVIL NO. 3:CV-05-1803
                                      :
UNITED STATES OF AMERICA,             :   (Judge Conaboy)
                                      :
          Respondent                  :

---

### MEMORANDUM AND ORDER

### Background

This pro se petition for writ of habeas corpus pursuant to
28 U.S.C. § 2241 was filed by Wade Knight, an inmate presently
confined at the Allenwood United States Penitentiary, White Deer,
Pennsylvania.  The petition is accompanied by an in forma
pauperis application.  Named as sole Respondent is the United
States of America.

Petitioner states that he was convicted of robbery related
charges following a jury trial in the United States District
Court for the Eastern District of Pennsylvania.  Knight was
sentenced to a two hundred and thirty-five (235) month term of
incarceration and ordered to pay restitution on September 6,
2000.  He unsuccessfully appealed his conviction to the United

1

States Court of Appeals for the Third Circuit.[1]   Petitioner adds
that he also unsuccessfully challenged his conviction via a
petition under 28 U.S.C. § 2255.

In his present action, Knight seeks to "correct the
sentencing restitution portion" of his federal sentence.  Doc. 1,
p. 9.  Petitioner contends that the trial court abused its
discretion in that it "failed to determine the appropriate amount
of restitution."  Id.  His petition also claims that the payment
of restitution should have been divided between he and his co-
defendant.  Knight further asserts that his habeas corpus
petition should be entertained because his restitution claim was
previously raised in an unsuccessful request to file a second or
successive § 2255 action.

### Discussion

Habeas corpus petitions brought under § 2241 are subject to
summary dismissal pursuant to Rule 4 ("Preliminary Consideration
by the Judge") of the Rules Governing Section 2254 Cases in the
United States District Courts, 28 U.S.C. foll. § 2254 (1977)
(applicable to § 2241 petitions under Rule 1(b)).  See, e.g.,
Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule
4 provides in pertinent part: "If it plainly appears from the

---

[1] See United States v. Knight, 281 F.3d 225 (3d Cir.
2001)(Table).

2

face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court

3

conviction.  <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.),

<u>cert. denied</u>, 409 U.S. 1046 (1972).  "Section 2241 'is not an

additional, alternative or supplemental remedy to 28 U.S.C. §

2255.'"  <u>Myers v. Booker</u>, 232 F.3d 902, 2000 WL 1595967, at *1

(10th Cir. Oct. 26, 2000) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164,

166 (10th Cir. 1996)), <u>cert. denied</u>, 122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or

ineffective to test the legality of . . . detention," may a

federal inmate resort to § 2241 to challenge the validity of the

conviction or sentence.

> It has long been the rule in this circuit that "the
> remedy by motion [under § 2255] can be 'inadequate or
> ineffective to test the legality of . . . detention'
> only if it can be shown that some limitation of scope
> or procedure would prevent a Section 2255 proceeding
> from affording the prisoner a full hearing and
> adjudication of his claim of wrongful detention."

<u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2000) (citing

<u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d

Cir. 1954)); <u>see also</u> <u>Application of Galante</u>, 437 F.2d 1164, 1165

(3d Cir. 1971) (per curiam) (same).  As noted by the Court of

Appeals for the Fifth Circuit, a petitioner has the burden to

prove that the remedy afforded by § 2255 is inadequate or

ineffective.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901

(5th Cir. 2001) (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th

Cir. 2000)).

4

Satisfaction of this burden cannot be accomplished by simply showing that a prior § 2255 motion has been denied.  <u>In re Davenport</u>, 147 F.3d 605, 608 (7th Cir. 1998); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  In his present petition, Knight acknowledges that his present claim of improper calculation of restitution was previously asserted in an unsuccessful application for leave to file a second or successive § 2255 petition.  To allow Knight to initiate a habeas petition in his district of confinement asserting the same claim would obliterate congressional attempts to promote finality in federal criminal cases.

<u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997), and <u>Dorsainvil</u> also addressed what circumstances make a § 2255 remedy inadequate and ineffective.  The legislative limitations (either the statute of limitations or gatekeeping provisions outlined <u>supra</u> at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3rd Cir. 2000); <u>Dorsainvil</u>, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." <u>Kennemore v. True</u>, Civil No. 98-1175,

slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the <u>Triestman</u> and <u>Dorsainvil</u> courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Knight does not assert that his present action is based on any newly discovered evidence. His claim is also not premised on a new rule of law made retroactive to cases on collateral review. Unlike <u>Dorsainvil</u>, Petitioner's present claim is not related to any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually be innocent of the crime charged.

In this case, Knight has failed to present any allegations suggesting that he was not involved in the alleged underlying

6

criminal activity.  Knight's sentencing related claim, namely, that the amount of restitution was improperly calculated, has nothing to do with the actual question of Petitioner's guilt. Finally, because his present claim was previously asserted in an application for leave to file a second or successive § 2255 petition, does not warrant a determination that Knight's § 2255 remedy is inadequate or unavailable.  Consequently, the petition for writ of habeas corpus will be dismissed without prejudice. An appropriate Order will enter.

AND NOW, THIS 12th DAY OF SEPTEMBER, 2005, for the reasons set forth in the foregoing Memorandum, it is hereby Ordered that:

1.  Petitioner's motion seeking leave to proceed in forma pauperis is granted.

2.  The petition for a writ of habeas corpus is dismissed without prejudice.

3.  The Clerk of Court is directed to close the case.

4.  Based on this Court's determination, there is no basis for the issuance of a Certificate of Appealability.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

7